IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA MURPHY HIGGINS, JACK O'CONNOR HIGGINS, JOSEPH DITOMASSA, STEPHEN DITOMASSA, AND LISA DITOMASSA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, A DELAWARE CORPORATION; JOHN DOES 1-100,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 25-247 (MN)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington, this 14th day of May 2025:

WHEREAS, on February 28, 2025, Plaintiffs Barbara Murphy Higgins, Jack O'Connor Higgins, Joseph Ditomassa, Stephen Ditomassa, and Lisa Ditomassa ("Plaintiffs") commenced this action in the Superior Court of Delaware by filing a Complaint against Novartis Pharmaceuticals Corporation ("Defendant")[1] for negligence, misrepresentation, and concealment in the marketing of Defendant's pharmaceutical product (D.I. 1-1);

WHEREAS, on March 5, 2025, prior to being served with the Complaint, Defendant removed the action to this Court based on diversity jurisdiction (D.I. 1); and

WHEREAS, on April 4, 2025, Plaintiffs moved for remand, arguing that the forum defendant rule bars removal of this action (*See* D.I. 12, 13, 16).

---

[1] Although Plaintiffs also include "John Does 1-100" in their captions, their briefing for this motion makes no mention of these John Does. Rather, they state that "[t]here is only one defendant in this case." (D.I. 13 at 16).

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to remand (D.I. 12) is **DENIED**.

2. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). In actions based on diversity, such as this one, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is commonly known as the "forum defendant rule." *Jallad v. Madera*, 784 F. App'x 89, 91 n.2 (3d Cir. 2019).

3. "It is well-established that, '[w]here the text of a statute is unambiguous, the statute should be enforced as written . . .'" *McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 170 (3d Cir. 2015), *citing Murphy v. Millennium Radio Grp. LLC,* 650 F.3d 295, 302 (3d Cir.2011). The Third Circuit has interpreted the "plain meaning" of § 1441(b)(2) to preclude removal on the basis of the defendant's in-state citizenship "only when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018). Thus, a defendant otherwise precluded from removing an action due to the forum defendant rule can remove to federal court if it has not been served with the complaint at the time it files its notice of removal. *Id.* This is referred to as "snap removal." *Columbus Life Ins. Co. v. Wilmington Tr. Co.*, No. CV 20-744 (MN), 2021 WL 149024 at *1 (D. Del. Jan. 15, 2021).

4. Plaintiffs are citizens of Connecticut and New York, whereas Defendant is a Delaware corporation with its principal place of business in New Jersey. (D.I. 15 at 4). Thus,

2

complete diversity of citizenship exists.  Plaintiffs also do not dispute that the amount-in-controversy exceeds $75,000 – the minimum for jurisdiction.  (*See* D.I. 13).

        5.      Defendant removed this case before being served with the Complaint.  (D.I. 13 at 5-6).  Defendant thus properly removed this action in accordance with the plain language of § 1441(b)(2).  *Encompass*, 902 F. 3d at 154; *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 128 n.1 (3d Cir. 2022).  Plaintiffs' policy appeals regarding the technological advantages of electronic dockets and resulting overuse of snap removal by defendants are unavailing in the face of clear statutory text.[2]  It is for Congress, not this Court, to revise the statute.  Thus, Defendant's removal properly complied with § 1441(b)(2), and Plaintiffs' motion for remand is denied.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[2] Plaintiffs argue that it was impossible to have served Defendant prior to removal due to Delaware's service rules requiring service by a sheriff. (D.I. 13 at 12).  With that, Plaintiffs also argue that allowing snap removal under such circumstances "yields a truly perverse result where, through no fault of their own, a plaintiff can be deprived of the forum of its choosing based on a defendant's successful electronic stalking of the docket." (*Id.*).  Although electronic filing does create a new ease of monitoring a docket and the Court recognizes the issues pointed out by the articles and out-of-circuit cases Plaintiffs proffer, it cannot and will not "reject the Third Circuit's snap-removal interpretation of section 1441(b)(2)." (*Id.* at 15).  Indeed, as noted by the *Encompass* court, "[i]f a significant number of potential defendants" engage in snap-removal, "contrary to Congress' intent, the legislature is well-suited to address the issue." 902 F.3d at 153 n.4.